IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BERNARD SUEN CHUNG CHING | ) | CIVIL NO. 13-00023 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| vs. | ) | |
| | ) | |
| CHUGACH MANAGEMENT SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION.**

Plaintiff Bernard Suen Chung Ching says he was wrongfully terminated on September 1, 2011.  Defendant Chugach Management Services, Inc., moves for summary judgment, arguing that Ching did not timely file a charge with the Equal Employment Opportunity Commission ("EEOC") and did not timely file the Complaint in this action.  An unexcused failure to meet either deadline is fatal to Ching's claims.  This court need not address the first alleged failure because Ching did not timely file the Complaint in this action.  Summary judgment is therefore granted in favor of Chugach.

**II.     FACTUAL BACKGROUND.**

There is no dispute that Chugach terminated Ching from his job on Kwajalein on September 1, 2011.  See Charge of Discrimination, March 9, 2012, ECF No. 29-6, PageID # 137 (indicating the last date of discrimination as Sept. 1, 2011);

Termination letter, June 25, 2011, ECF No. 22-7, PageID # 115 (indicating that Ching was being terminated effective Sept. 1, 2011).

In a filing on April 22, 2013, Ching indicates that he contacted the EEOC by telephone on February 7, 2012, approximately 158 days after his termination. See ECF No. 16, PageID # 65. Although this document does not comply with the requirements of 28 U.S.C. § 1746, the court nevertheless assumes the factual statements in it to be true for purposes of this motion. Ching says that the person he talked to at the EEOC told him that, because he had been working on Kwajalein, he had 300 days from his termination to file a charge of discrimination with the EEOC. See id.

The following day, the EEOC sent Ching a letter. This letter stated:

> A charge of job discrimination must be filed
> with the EEOC within 180 days from the date
> of harm in order to protect your rights.
> This 180 day filing deadline may be extended
> to 300 days if the charge is also covered by
> a state or local job discrimination law.
> Therefore, it is important that you submit
> the completed questionnaire promptly.

ECF No. 29-5, PageID # 136.

Ching says that, when he initially received the letter from the EEOC, he still thought that he had 300 days to file the charge with the EEOC. He says that only when he later read the

2

letter more carefully did he see the 180-day deadline mentioned in the letter.  See ECF No. 16, PageID # 65.

Ching says that, because he was concerned about meeting the deadline, he went to the EEOC office in Honolulu on February 28, 2012, approximately 179 days after his termination.  Id.  He says that he turned in a questionnaire to the EEOC on that day.  Id.

According to Ching, he went back to the EEOC on March 8, 2012, to sign and date the charge of discrimination prepared by the EEOC.  Id.  That charge was filed with the EEOC on March 9, 2012, approximately 189 days after Ching's termination.  See ECF No. 29-6, PageID # 137.

The original EEOC charge named Kwajalein Range Services as Ching's employer.  See ECF No. 29-6, PageID # 137.  On April 13, 2012, Ching amended that charge to name Chugach as his employer.  See ECF No. 22-7, PageID # 116.  Ching submitted evidence that both companies were his employer at various times.  See KRS Employee Performance Review for February 1, 2009, to January 31, 2010, ECF No. 29-2, PageID # 133; Chugach Employee Performance Review for January 1, 2010, to December 31, 2010.  However, it was Chugach that terminated him, indicating that it was most likely his employer at the time of his termination.  See ECF No. 26-6.  Although there is a lack of clarity as to which

company employed Ching, this factual question is not material for purposes of this motion.

On or about September 27, 2012, the EEOC dismissed Ching's charge, noting that it had not been timely filed with the EEOC. See ECF No. 22-9, PageID # 119. This Dismissal and Notice of Rights informed Ching that, if he wanted to file a lawsuit, he was required to do so within 90 days of his receipt of the notice. Id. In his deposition, Ching stated that he did not dispute that the letter was signed and mailed to him on September 27, 2012.

It appears that, on the same day, the EEOC called Ching to let him know that his charge had been dismissed as untimely. See ECF No. 22-4, PageID # 98 (case log). Ching stated in his deposition that this call was to explain that the letter from the EEOC was in the mail. See Deposition of Bernard Ching at 116, ECF No. 22-7, PageID # 113.

Although the EEOC's notice of dismissal was mailed in September, Ching says that he did not actually receive the notice until "around the week before Halloween 2012." ECF No. 16, PageID # 65. Ching explained that he only checked his post office box for mail every week or two. Ching stated that he had no reason to think that the EEOC's notice-of-right to sue had not been timely delivered to his mailbox. See Deposition of Bernard Ching at 70, ECF No. 22-7, PageID # 111. Ching therefore does

not dispute that the letter was delivered to his mailbox in the normal course or that it sat in his mailbox for several weeks before he went to the post office to pick it up.

Ching filed the present Complaint on January 15, 2013, asserting claims under Title VII of the Civil Rights Act of 1964. See ECF No. 1.

**III.      SUMMARY JUDGMENT STANDARD.**

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). See Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The movants must support their position that a material fact is or is not genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial--usually, but not always, the defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).  "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  T.W. Elec. Serv., Inc., 809 F.2d at 630.  At least some "'significant probative evidence tending to support the complaint'" must be produced.  Id. (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)).  See Addisu, 198 F.3d at 1134 ("A

6

scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) (citing Matsushita Elec. Indus. Co., 475 U.S. at 587). Accord Addisu, 198 F.3d at 1134 ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

All evidence and inferences must be construed in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc., 809 F.2d at 631. Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. Id. When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." Id.

**IV.        CHING DID NOT TIMELY FILE HIS COMPLAINT.**

"Title VII contains several distinct filing requirements which a claimant must comply with in bringing a civil action." Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1172 as amended by 815 F.2d 570 (9th Cir. 1987). To file a claim under Title VII, a plaintiff must file a charge with the EEOC within 180 days of the last discriminatory act. See Bouman v. Block, 940 F.2d 1211, 1219 (9th Cir. 1991) (citing 42 U.S.C. § 2000e-5(e)). Another filing requirement for Title VII cases is that a plaintiff must file a civil action within 90 days of receipt of an EEOC right-to-sue letter. See 42 U.S.C. § 2000e-5(f)(1). Chugach argues that Ching missed both of these deadlines.

Because his Complaint asserts Title VII claims, Ching was required to file the Complaint within 90 days of his receipt of the EEOC right-to-sue letter. See 42 U.S.C. § 2000e-5(f)(1). Although the right-to-sue letter was mailed to him in September 2012, Ching says that he did not receive it until "around the week before Halloween 2012." Because this action was filed on January 15, 2013, Ching claims that it was timely filed within 90 days of when he received the right-to-sue letter.

Ching's argument is not persuasive. The Ninth Circuit has interpreted § 2000e-5(f)(1) as creating a rebuttable presumption that the limitation period begins three days after the EEOC mails the right-to-sue letter. See Payan v. Aramark

<u>Management Services Limited Partnership</u>, 495 F.3d 1119 (9th Cir. 2007).  In <u>Payan</u>, the Ninth Circuit examined the date on which the limitations period in § 2000e-5(f)(1) begins to run.  The Ninth Circuit noted that, when the date on which the right-to-sue letter arrives at a claimant's address of record is known, the claimant is deemed to have received the notice on that date, regardless of whether the claimant personally saw the notice on that date.  <u>Id.</u> at 1122.

However, for purposes of § 2000e-5(f)(1), when the date of the actual receipt of the notice is unknown, the Ninth Circuit "will estimate that date based on the date of EEOC disposition and issuance of notice, with some compensation for mailing time." <u>Id.</u>  A court should presume "that the letter issuance date is also the date on which the letter was mailed," unless this presumption is rebutted with evidence to the contrary.  <u>Id.</u> at 1123-24.

Once the mailing date is established, courts calculate the claimant's date of receipt of that letter by using a "three-day presumption" for mailing.  <u>Id.</u> at 1124-25.  This, too, is a rebuttable presumption.  <u>Id.</u> at 1126.  To determine whether the presumption has been rebutted, "courts look for evidence suggesting that receipt was delayed beyond the presumed period." <u>Id.</u>  For example, a claimant may present evidence that the notice was mailed later than its typewritten date or that it took longer

9

than three days to reach the claimant by mail.  Id.  A general claim of a possible mail delay is not enough to rebut the presumption.  Instead, "the plaintiff must show that she did not receive the EEOC's right-to-sue letter in the ordinary course." Id.

In Payan, the claimant, proceeding pro se, had filed a Title VII complaint 98 days after the EEOC dismissed her charge and issued a right-to-sue letter.  Because there was no dispute about the date the notice issued, and because the claimant had submitted no evidence that delivery of the letter was actually delayed, the Ninth Circuit deemed her to have received the notice three days after mailing.  Id. at 1121 and 1126-27.  The Ninth Circuit therefore determined that the statute of limitation set forth in § 2000e-5(f)(1) barred her claims, even though the Complaint was filed only a few days late and she was proceeding pro se.  Id. at 1127.

Payan is consistent with other Ninth Circuit case law. In Scholar v. Pacific Bell, 963 F.2d 264 (9th Cir. 1992), the Ninth Circuit determined that a Complaint was barred by the 90-day limitation period in § 2000e-5(f)(1).  In Scholar, the EEOC mailed a notice of right-to-sue to the claimant.  A mail receipt was signed by the claimant's daughter on November 1, 1988.  The claimant, however, did not read the letter until a few days after it was delivered to her home.  The claimant filed a complaint on

February 2, 1989. Id. at 267. The Ninth determined that this complaint was untimely: "The language of the statute establishes the 90-day period as running from the 'giving of such notice' rather than from the date claimant actually 'receives' notice in hand." Id. at 267 (quoting 42 U.S.C. § 2000e-5(f)(1)). The limitation period therefore expired on January 30, 1989, 90 days after the notice was received by the claimant's daughter, even though the claimant did not see that notice for several more days. Id.

Similarly, in Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384 (9th Cir. 1997), the Ninth Circuit determined that the limitations period began to run when the post office first attempted delivery, as § 2000e–5(f)(1) establishes that the 90-day period runs from the "giving of such notice," rather than from the date a claimant actually receives the notice. Id. at 383 (quoting § 2000e–5(f)(1)).

In Nelmida, the post office had attempted to deliver the original notice on March 19 and 25, 1994, and it appears that it was returned to the EEOC after a third attempt on April 3, 1994. The EEOC did not know that the claimant in Nelmida had stopped living with her parents, whose address was what she had given the EEOC. The claimant admitted that she often did not receive mail sent to her parents' house because it got lost or because no one told her about it. Id. at 382. In early April

1994, the claimant visited her parents' house and was told that she had received some mail.  When the mail was not located, the claimant, thinking that her right-to-sue letter had been lost, contacted the EEOC to say that she had not received the notice.  The EEOC then mailed another notice, and the claimant received that notice on April 8, 1994.  The claimant filed a complaint 90 days after receipt of the April 1994 notice, but more than 90 days after delivery of the original notice had been attempted. Id. at 382.  The Ninth Circuit determined that the complaint was untimely because the limitation period began running when delivery of the notice to the address of record was attempted in March 1994, not when the claimant actually received the notice in April 1994.  Id. at 384.

In a case factually similar to the present one, the United States District Court for the Northern District of California determined that the 90-day limitation period in § 2000e-5(f)(1) began running when, in November 2006, the EEOC mailed the right-to-sue notice to the claimant, not on December 27, 2006, when the claimant checked her mail.  See Samiere v. San Francisco Unified Sch. Dist., 2007 WL 2947424 (N.D. Cal. Oct. 9, 2007).  The claimant in Samiere produced no evidence rebutting Payan's three-day presumption.  In other words, the claimant produced no evidence demonstrating that the letter was not mailed on the day it was dated or that it was not received in her

12

mailbox in the normal course, i.e., three days later.  The district court therefore determined that the limitation period began running three days after mailing, not "on the date that plaintiff decided to go to the post office to pick up the letter which had been addressed to her at her address of record."  Id. at *2.

Applying the analysis in Payan, Scholar, Nelmida, and Samiere, this court concludes that Ching did not timely file the Complaint in this matter.  There is no dispute that the right-to-sue notice was mailed by the EEOC to Ching's address of record on September 27, 2012, or that it was actually delivered in the normal course.  Ching says only that he did not receive the letter until the week before Halloween because he failed to check his mailbox until then, despite having been called by the EEOC and told that the letter was being sent.  Under these circumstances, this court applies the three-day presumption of delivery and begins running the 90-day limitation period from September 30, 2012.  The limitation period expired ninety days later, on December 29, 2012.  Because Ching did not file the present Complaint until January 15, 2013, the Complaint is untimely and barred by the 90-day statute of limitation.

Although the 90-day statute of limitation is subject to the doctrine of equitable tolling, Ching has made no showing as to why the period should be tolled.  The Ninth Circuit has noted

that equitable tolling should be sparingly applied on a case-by-case basis.  See Scholar, 963 F.2d at 267-68.  For example, equitable tolling may be applicable when a claimant was tricked by an adversary or when the EEOC's notice of the limitation period was deficient.  "Courts have been generally unforgiving, however, when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights."  Id. at 268 (quotation marks and citation omitted); accord Nelmida, 112 F.3d 384.  Ching's failure to get his mail even though he was told about the notice does not provide the circumstances making tolling of the limitation period appropriate.

**V.        CONCLUSION.**

Because Ching did not timely file the present Complaint, it is dismissed.  This court need not reach Chugach's other argument (that Ching failed to timely file a charge with

the EEOC).  The Clerk of Court is directed to enter judgment in favor of Chugach and to close this case.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, January 27, 2014.



      /s/ Susan Oki Mollway
      Susan Oki Mollway
      Chief United States District Judge

<u>Ching v. Chugach Management Services, Inc.</u>; Civil No. 13-00023 SOM/KSC; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT